JBMPFRIP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                          19 CR 450 (PGG)

JAMIE FRIERSON,

          Defendant.

------------------------------x

                         New York, N.Y.
                         November 22, 2019
                         3:12 p.m.

Before:

              HON. PAUL G. GARDEPHE,

                       District Judge

                APPEARANCES

GEOFFREY S. BERMAN,
    United States Attorney for the
    Southern District of New York
SEBASTIAN SWETT
ALINE FLODR
    Assistant United States Attorneys

CHRISTOPHER FLOOD
    Attorney for Defendant

JBMPFRIP

1              (In open court)

2              (Case called)

3              MR. SWETT:  Yes, Shebb Swett and Aline Flodr for the

4    United States.

5              MR. FLOOD:  Yes, your Honor.  Good afternoon.

6    Christopher Flood, Federal Defenders of New York.  I'm here

7    with Jamie Frierson at Kingsbrook Hospital by video.

8              THE DEFENDANT:  Good afternoon, your Honor.  This is

9    Jamie Frierson.

10             THE COURT:  All right.  So I should say for the record

11   that we are conducting this conference, which I expect will be

12   a guilty plea, through videotape because of the serious medical

13   condition that Mr. Frierson is in.

14             So, Mr. Frierson, we're going to begin by placing you

15   under oath because, as I said, my expectation is that you're

16   going to be entering a plea of guilty to the indictment.  Is

17   that your intention, sir?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  All right.  Mr. Ruocco, would you please

20   administer the oath to Mr. Frierson.

21             (Defendant sworn)

22             All right.  Mr. Frierson, you should understand that

23   you're now under oath, and if you answer any of my questions

24   falsely, your answers may later be used against you in another

25   prosecution for perjury or for making a false statement.  Do

JBMPFRIP

1    you understand that, sir?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Mr. Frierson, have you received an Advice

4    of Rights form that lays out the rights that you enjoy in

5    connection with this proceeding?

6              THE DEFENDANT:  Yes, I have.

7              THE COURT:  And have you discussed the Advice of

8    Rights form with Mr. Flood?

9              THE DEFENDANT:  Yes, I have.  I've discussed them at

10   length with my attorney.

11             THE COURT:  All right.  And have you signed the Advice

12   of Rights form?

13             THE DEFENDANT:  Yes, I have.

14             THE COURT:  All right.

15             Then, Mr. Flood, when you return, I would ask you to

16   give us a copy of the Advice of Rights form so that we can have

17   it for our records.

18             MR. FLOOD:  Yes, your Honor.  It's been completed,

19   executed, and I've marked it as Defense Exhibit 1, and I'll

20   provide --

21             THE COURT:  Could you say that again, Mr. Flood?  The

22   court reporter had trouble hearing you.

23             MR. FLOOD:  I'm sorry.  The volume is very faint on

24   this end, too.  I'm very sorry.

25             Mr. Frierson executed the form, as did I.  This is the

JBMPFRIP

1    copy.  I've marked it as Defense Exhibit 1, and I will provide

2    it to chambers by hand when I return this afternoon.

3              THE COURT:  All right.  Thank you, Mr. Flood.

4              Mr. Frierson, before deciding whether to accept your

5    guilty plea, I am required to ask you certain questions.  It's

6    important that you answer these questions honestly and

7    completely.  The purpose of these proceedings is to make sure

8    that you understand your rights and for me to make certain that

9    you are pleading guilty of your own free will --

10             THE DEFENDANT:  Yes.

11             THE COURT:  -- and to make sure that you are pleading

12   guilty because you are, in fact, guilty and not for some other

13   reason.  Do you understand that, sir?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  If you don't understand any of my

16   questions, or you want to consult with Mr. Flood at any time,

17   please say so because it is important that you understand every

18   question before you answer it.

19             THE DEFENDANT:  Yes, your Honor.  I understand.

20             THE COURT:  Mr. Frierson, could you please state your

21   full name?

22             THE DEFENDANT:  My name is Jamie Frierson.  I was born

23   in 1969, October 21st.

24             THE COURT:  All right.  And how old does that make

25   you?

JBMPFRIP

   1          THE DEFENDANT:  Well, I just turned 50 last week.

   2          THE COURT:  All right.  How far did you go in school?

   3          THE DEFENDANT:  I have my G.E.D.  I went to the -- I

   4  obtained my General Equivalency Diploma, but I went to the 11th

   5  grade.

   6          THE COURT:  Okay.  But you have your G.E.D.?

   7          THE DEFENDANT:  Yes.

   8          THE COURT:  Okay.  Have you ever been addicted to any

   9  drugs or alcohol or been treated for any addiction?

 10          THE DEFENDANT:  Unfortunately, yes.

 11          THE COURT:  All right.  Are you currently experiencing

 12  any symptoms associated with your prior drug use?

 13          THE DEFENDANT:  No.  No, your Honor.  The only the

 14  medication that I'm taking now is purely for the cancer,

 15  unfortunately, that I have.

 16          THE COURT:  All right.  So the medication you're

 17  taking now doesn't affect your thinking or judgment in any way?

 18          THE DEFENDANT:  No, not to my knowledge.

 19          THE COURT:  Okay.  Now, other than the medication you

 20  told me about, have you taken any other drugs, medicine or

 21  pills or drunk any alcohol within the last 24 hours?

 22          THE DEFENDANT:  No, your Honor.

 23          THE COURT:  Is your mind clear today, and do you

 24  understand what is happening?

 25          THE DEFENDANT:  Yes, I do.

JBMPFRIP

1          THE COURT:  Mr. Flood, do you have any doubt as to

2     Mr. Frierson's competence to plead guilty this afternoon?

3          MR. FLOOD:  No, your Honor.  I don't.

4          Can I just make a comment, though?  He is, of course,

5     in some pain, and I may just ask him to lean back on the bed

6     and just ask the parties and the Court to speak as loudly as

7     possible.  I'm very sorry.

8          THE COURT:  Okay.

9          So, Mr. Frierson, if you need to get into another

10    position to make yourself comfortable, please feel free to do

11    that.  Okay?

12         THE DEFENDANT:  Yes, your Honor.  Thank you.

13         THE COURT:  On the basis of Mr. Frierson's responses

14    to my questions and my observations of his demeanor, I find

15    that he is competent to enter an informed plea.

16         Mr. Frierson, have you received a copy of the

17    indictment which reflects the charges against you?

18         THE DEFENDANT:  Yes, I have, your Honor.

19         THE COURT:  And have you read the indictment?

20         THE DEFENDANT:  Yes.

21         THE COURT:  You should understand that in Count One of

22    the indictment you are charged with bank robbery.  The

23    government says that on May 8th of this year, you entered an

24    Apple Bank branch at 120 East Fordham Road in The Bronx and

25    that you used threats of violence and demanded that a bank

JBMPFRIP

1   employee turn over money to you, money that was in the bank's

2   custody.

3          In Count Two of the indictment, you are charged with a

4   separate count of bank robbery.  The government says that on

5   May 9th of this year, you entered another Apple Bank branch,

6   this one located at 44 East 161st Street in The Bronx, and that

7   once again, you used threats of violence in demanding that a

8   bank employee turn over to you money that was in the bank's

9   custody.

10          Do you understand that these are the charges against

11   you in the indictment?

12          THE DEFENDANT:  Yes, I do, your Honor.

13          THE COURT:  Do you wish me to read the indictment to

14   you now?

15          THE DEFENDANT:  It's not -- I went over it thoroughly

16   with my attorney; so it's really not necessary.

17          THE COURT:  Okay.  Have you had enough time to discuss

18   your case with Mr. Flood?

19          THE DEFENDANT:  Yes, I have.  I discussed it.  I've

20   been able to discuss it with him at length --

21          THE COURT:  Okay.  And have you --

22          THE DEFENDANT:  -- before we started.

23          THE COURT:  Have you discussed with him your intention

24   to plead guilty to these charges?

25          THE DEFENDANT:  Yes, I have, your Honor.

JBMPFRIP

1          THE COURT:  Have you discussed with him any possible

2     defenses you might have to these charges, as well as all the

3     facts about your involvement in this matter?

4          THE DEFENDANT:  Yes, your Honor.  I did.  I've

5     discussed in thorough detail with Mr. Flood any options or any

6     defenses while -- according to the case.

7          THE COURT:  Has he told you about the consequences of

8     pleading guilty?

9          THE DEFENDANT:  Yes.  Yes, he did.

10          THE COURT:  Are you satisfied with Mr. Flood's

11     representation of you?

12          THE DEFENDANT:  Yes.  Yes, I am, your Honor.

13          THE COURT:  I'm now going to explain certain

14     constitutional rights that you have.  These are rights you'll

15     be giving up if you enter a guilty plea.  Please listen

16     carefully to what I'm about to say, and if you don't understand

17     something, stop me and either myself or Mr. Flood will explain

18     the matter to you more fully.

19          Under the Constitution and laws of the United States,

20     you have a right to a speedy and public trial by a jury on the

21     charges against you contained in the indictment.  Do you

22     understand that?

23          THE DEFENDANT:  Yes.

24          THE COURT:  If there were a trial, you would be

25     presumed innocent, and the government would be required to

JBMPFRIP

prove your guilt by competent evidence and beyond a reasonable
doubt.  You would not have to prove you were innocent at a
trial.  Do you understand that?

            THE DEFENDANT:  Yes, your Honor.

            THE COURT:  If there were a trial, a jury composed of
12 people selected from this district would have to agree
unanimously before you could be found guilty.  Do you
understand that?

            THE DEFENDANT:  Yes, your Honor.

            THE COURT:  If you decide to go to trial, at that
trial and at every stage of your case, you would have the right
to be represented by an attorney, and if you could not afford
one, an attorney would be appointed to represent you at
government expense and at no cost to you.

            If you decided to retain a lawyer and you ran out of
money, an attorney would be appointed to continue to represent
you and to handle your case all the way through trial and not
just for purposes of a guilty plea.

            So your decision to plead guilty should not depend on
whether you can afford a lawyer.  Do you understand that?

            THE DEFENDANT:  Yes, your Honor.

            THE COURT:  If there were a trial, you would have the
right to see and hear all of the witnesses against you, and
your attorney could cross-examine them.  You'd have a right to
have your attorney object to the government's evidence and to

JBMPFRIP

offer evidence on your behalf, if you so desired.  You would

have the right to have subpoenas issued to compel witnesses to

testify in your defense.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If there were a trial, you'd have a right

to testify, if you wanted to, but no one could force you to

testify if you did not want to.  Furthermore, no inference or

suggestion of guilt could be drawn if you chose not to testify

at a trial.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If you were convicted at a trial, you

would have the right to appeal that verdict to a higher court.

Do you understand that?

THE DEFENDANT:  Yes.  Yes, your Honor.

THE COURT:  Even now, as you're entering this plea,

you have the right to change your mind, plead not guilty and go

to trial on the charges contained in the indictment.  Do you

understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If you plead guilty, and I accept your

plea, you will give up your right to a trial and the other

rights I just discussed, other than the right to a lawyer,

which you have regardless of whether or not you plead guilty.

If you plead guilty, I will enter a judgment of guilty

and sentence you on the basis of your plea after I have

JBMPFRIP

1     considered a presentence report and whatever submissions I

2     receive from your lawyer and the prosecutor.  Do you understand

3     that?

4               THE DEFENDANT:  Yes, your Honor.

5               THE COURT:  If you plead guilty, you will have to give

6     up your right not to incriminate yourself because I will ask

7     you questions about what you did in order to satisfy myself

8     that you are guilty as charged, and you will have to admit and

9     acknowledge your guilt.  Do you understand that?

10              THE DEFENDANT:  Yes, your Honor.

11              THE COURT:  As I mentioned earlier, you are charged in

12    the indictment with two separate counts of bank robbery.  I'm

13    now going to tell you the elements of that offense.  This is

14    what the government would have to prove beyond a reasonable

15    doubt as to each count if you were to go to trial.

16              First, the government would have to show that you took

17    money that belonged to or was otherwise in the care, custody,

18    control, management or possession of a bank; second, the

19    government would have to show that you did so by force and

20    violence or by acting in an intimidating manner; third, the

21    government would have to show that the bank in question was

22    insured by the Federal Deposit Insurance Corporation.

23              Mr. Frierson, do you understand that these are the

24    elements of the bank robbery offenses you have been charged

25    with in Counts One and Two?

JBMPFRIP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  I now must tell you the maximum and any

3     minimum possible penalty for these crimes.  The maximum means

4     the most punishment that could possibly be imposed.  It does

5     not necessarily mean that is what you will receive, but you

6     have to understand that by pleading guilty, you are exposing

7     yourself to the possibility of receiving any combination of

8     punishments up to the maximum I am about to describe.

9          Do you understand that?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Count One and Count Two each carry a

12     maximum term of imprisonment of 20 years, which could be

13     followed by a maximum sentence of three years' supervised

14     release.

15          Supervised release means that if you are sentenced to

16     prison, after you are released from prison, you will be subject

17     to supervision by the U.S. Probation Office.  There will be

18     rules of supervised release that you will have to follow, and

19     if you violate those rules, you can be returned to prison

20     without a jury trial to serve additional time even beyond your

21     original sentence.

22          In addition, these offenses each carry a maximum fine

23     of $250,000, or twice the gross pecuniary gain derived from the

24     offense, or twice the gross pecuniary loss resulting from the

25     offense, whichever is greatest.

JBMPFRIP

1            The terms of imprisonment on these two counts could be

2    imposed concurrently, meaning at the same time, or

3    consecutively, meaning one after the other.

4            Do you understand all of that, Mr. Frierson?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  Parole has been abolished in the federal

7    system, and if you are sentenced to prison, you will not be

8    released early on parole.  There is a limited opportunity to

9    earn credit for good behavior, but you will have to serve at

10   least 85 percent of the time you are sentenced to.  Do you

11   understand that?

12           THE DEFENDANT:  Yes, your Honor.

13           THE COURT:  There is also a mandatory minimum fine or

14   special assessment of $100 that I'm required to impose on each

15   count of conviction.  Do you understand that?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  As part of your sentence, I have the power

18   to order you to make restitution to any party or person injured

19   as a result of your criminal conduct, and I can also order you

20   to forfeit certain property to the government.  Do you

21   understand that?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  Being convicted of a felony may have other

24   consequences, such as the loss of licenses or the right to

25   possess a firearm.  If you are a citizen, you could lose your

JBMPFRIP

1  right to vote.  If you're not a citizen of the United States,

2  you will likely lose your right to remain in this country and

3  you may be deported.

4        This is not a full list of the consequences of a

5  felony conviction, but these are examples.  Do you understand

6  that?

7        THE DEFENDANT:  Yes, your Honor.

8        THE COURT:  There are sentencing guidelines I'm

9  required to consult in order to determine an appropriate

10  sentence in this case.  Have you talked with Mr. Flood about

11  the sentencing guidelines?

12        THE DEFENDANT:  Yes, I have.

13        THE COURT:  You should understand that I will not be

14  able to determine what the sentencing guidelines recommend as

15  to your sentence until after a presentence report has been

16  prepared by the U.S. Probation Office, and you and the

17  government have had a chance to comment on the report prepared

18  by the probation office.  Do you understand that?

19        THE DEFENDANT:  Yes, your Honor.

20        THE COURT:  You should also understand that after I

21  have determined what the guidelines recommend as to a

22  sentencing range and considered whether a departure, whether

23  upwards or downwards, from that guidelines range is called for,

24  I will then determine what an appropriate sentence is in your

25  case, having in mind not only the sentencing guidelines, but

JBMPFRIP

all of the factors set forth in the sentencing statute,

including the need for the sentence imposed to reflect the

seriousness of the offense, the need to promote respect for the

law, the need to provide just punishment and the need to afford

adequate deterrence to criminal conduct.  Do you understand

that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You should understand that if your

attorney or anyone else has attempted to estimate or predict

what your sentence will be, that their estimate or prediction

could be wrong?  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  No one, not even your attorney or the

prosecutor, can give you any assurance of what your sentence

will be.  Your sentence cannot be determined until the

presentence report is complete and I have ruled on any

challenges to the report, determined whether there are grounds

to depart, whether upwards or downwards, from the guidelines

range, and otherwise determine what an appropriate sentence is

in your case.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You should fully understand that even if

your sentence is different from what your attorney or anyone

else told you it might be, or if it is different from what you

expect, you will still be bound by your guilty plea and you

JBMPFRIP

1    will not be allowed to withdraw your plea of guilty.  Do you

2    understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Mr. Flood, do you know of any valid

5    defense that would prevail at trial, or any other reason why

6    Mr. Frierson should not be permitted to plead guilty?

7              MR. FLOOD:  Your Honor, no, I don't, as to either

8    question.

9              THE COURT:  Do you believe that there's an adequate

10   factual basis to support a guilty plea?

11             MR. FLOOD:  I do.

12             THE COURT:  Mr. Swett, does the government represent

13   there's an adequate factual basis for the guilty plea?

14             MR. SWETT:  Yes, your Honor.

15             THE COURT:  Mr. Frierson, we've reached the point

16   where I need you to tell me what you did in connection with the

17   crimes with which you are charged that makes you believe that

18   you are guilty.

19             THE DEFENDANT:  Yes, your Honor.  Good afternoon, your

20   Honor.  My name is Jamie Frierson, and I'm 50 years old, and I

21   was born in New York City.  I'm pleading guilty this afternoon

22   because I'm guilty of robbing two banks on May of this year,

23   both in The Bronx, in The Bronx, New York, and I want you to

24   know it's a crime.  I want you to know that I know it's a crime

25   to rob banks.

JBMPFRIP

           I'm not proud of what I did, and this is the first
chance I've had an opportunity to speak in court about it.  And
I'd like to be clear with you, but also and especially the bank
tellers who I frightened -- to the bank tellers whom I
frightened, that I acknowledged that placing people in fear is
harmful.  What I did was wrong, and I should have never have
done it.

           I'm ashamed of myself, and I'm deeply sorry for what I
did to them.  I cannot take back what I did, but I do hope that
with this apology, I can offer the people who I harmed,
frightened and endangered some closure, some measure of solace
and a chance to heal.

           On May 8th, 2019, at a bank at East Fordham Road in
The Bronx, I passed a note to the bank teller, and in the note
I claimed to be armed because I wanted to make the teller think
that I had a weapon and I would use it unless she gave me
money.  In response to my threat, the teller gave me money from
the bank drawer, and I left.

           The next day, on May 9th, 2019, I did the same -- I
did the same thing at an Apple Bank on 161st Street in The
Bronx.  I passed a note to the teller, and in the note I
claimed to be armed because I wanted to make the teller think
that I had a gun and I would use it unless she gave me money.
So in response to my threat, the teller gave me money from the
bank drawer.

JBMPFRIP

1          I'm guilty of these crimes, your Honor, and I plead

2     guilty to them, and I ask your Honor to accept my guilty plea

3     and find me guilty.

4          THE COURT:  And --

5          THE DEFENDANT:  I just want --

6          THE COURT:  I'm sorry, Mr. Frierson.

7          THE DEFENDANT:  Oh, I just wanted to make sure that

8     you're clear that how apologetic I was to the bank tellers, and

9     how I wish that this had never happened, but there were a lot

10    of things going -- there were a lot of things going on with me

11    at the time, but I imagine that's for another time.  Thank you

12    for letting me speak, your Honor.

13         THE COURT:  All right.  Mr. Swett, does the government

14    represent that each bank discussed in Count One and Count Two

15    of the indictment, that the deposits of those banks were

16    insured by the Federal Deposit Insurance Corporation?

17         MR. SWETT:  Yes, your Honor.

18         THE COURT:  All right.  Do you wish me to ask any

19    other questions of Mr. Frierson?

20         MR. SWETT:  No, your Honor.

21         THE COURT:  Mr. Frierson, are you pleading guilty

22    because you are, in fact, guilty?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  And are you pleading guilty voluntarily

25    and of your own free will?

JBMPFRIP

1          THE DEFENDANT:  Yes.

2          THE COURT:  I'll ask you now, first, as to Count One,

3    how do you plead, guilty or not guilty?

4          THE DEFENDANT:  Count One, I plead guilty, your Honor.

5          THE COURT:  And as to Count Two, guilty or not guilty?

6          THE DEFENDANT:  I plead guilty, your Honor.

7          THE COURT:  Mr. Swett, do you wish me to allocute

8    Mr. Frierson as to the forfeiture allegation?

9          MR. SWETT:  Yes, your Honor.  I'm not sure if we

10   seized money when he was arrested; so out of an abundance of

11   caution, let's allocute him on it.

12         THE COURT:  All right.

13         Mr. Frierson, the indictment includes what's called a

14   forfeiture allegation, and in the forfeiture allegation, the

15   government puts you on notice that it seeks any and all

16   property constituting or derived from any proceeds that you

17   obtained, directly or indirectly, as a result of the offenses

18   that are charged in Counts One and Two of the indictment.

19         Do you admit the forfeiture allegations set forth in

20   the indictment?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  Because you acknowledge that you are

23   guilty as charged in the indictment; because I find that you

24   know your rights and you are waiving them knowingly and

25   voluntarily; because I find your plea is entered knowingly and

JBMPFRIP

1    voluntarily and is supported by an independent basis in fact

2    containing each of the essential elements of the offenses, I

3    accept your guilty plea and adjudge you guilty of the offense

4    to which you have plead guilty.

5              I will order a presentence report.

6              Mr. Flood, do you have any views as to what the

7    appropriate date for a sentence should be?  Is this a sentence

8    I should expedite or not?

9              MR. FLOOD:  I believe so, your Honor.  What I was

10   going to propose about the next step is that I confer with the

11   government, ideally this afternoon, in that we can either call

12   chambers or submit a letter with a proposed sentencing date and

13   schedule.

14             And in terms of a presentence report, there is one

15   from last spring, and so we may not need to take the full time

16   even for an expedited sentencing.

17             THE COURT:  All right.  So before setting a trial

18   date, I'll wait to hear from the lawyers as to what they think

19   is reasonable, and then I'll be in touch with the probation

20   office.  If it's appropriate to enter an expedited date, and it

21   may well be, then that's what I'll do.

22             MR. FLOOD:  Very good.  Thank you, your Honor.

23             THE DEFENDANT:  Thank you, your Honor.

24             THE COURT:  All right.  Anything else anyone wants to

25   say?

JBMPFRIP

1          MR. SWETT:  No.  Thank you, your Honor.

2          THE COURT:  All right.  Mr. Frierson, I hope your

3     medical care there is successful.

4          THE DEFENDANT:  Thank you.  Thank you very much, your

5     Honor.  I'm trying as best as I can.

6          THE COURT:  All right.  We're adjourned.  Thank you.

7          (Adjourned)